NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADRIEN JOSHUA ESPINOZA,

Plaintiff-Appellant,

v.

UNKNOWN STEWART, named as Lt.
Stewart 2996; et al.,

Defendants-Appellees.

No. 16-16032

D.C. No. 4:13-cv-01998-DCB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Adrien Joshua Espinoza, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Espinoza's retaliation claim because Espinoza failed to raise a genuine dispute of material fact as to whether defendants took an adverse action against him because of an earlier grievance he filed against defendant Randall. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Espinoza's "threat to safety" claim because Espinoza failed to raise a triable dispute as to whether defendant Randall knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court did not abuse its discretion by denying Espinoza's motions to compel and for depositions because Espinoza failed to show what material facts would have been discovered that would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) (setting forth standard of review and noting that "[t]he burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009);

16-16032

*Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We do not consider Espinoza's renewed request for appointment of counsel set forth in his opening brief. In Docket Entry No. 14, this court denied Espinoza's motion for appointment of counsel and ordered that no motions for reconsideration, clarification, or modification of the denial shall be filed or entertained.

**AFFIRMED.**

16-16032